# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BUILDING ERECTION SERVICES, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| JLG INDUSTRIES, INC. | ) |
| Defendant/Third-Party Plaintiff | ) Case No. 02-6087-CV-SJ-FJG |
| vs. | ) |
| POWERSCREEN USC, INC. and POWERSCREEN INTERNATIONAL, | ) |
| Third-Party Defendants. | ) |

## ORDER

In order to clarify the issue of whether the indemnity language from the Asset Purchase Agreement applies to the remaining fraud claims asserted by Building Erection Services, Inc. ("BES") against JLG, the Court requested that the parties submit briefs addressing this issue. After reviewing the parties briefs, the Court has determined that the indemnity language from the Asset Purchase Agreement does not apply to the remaining misrepresentation and negligent misrepresentation claims asserted by BES.

There is no language in the Indemnity Agreement which indicates that misrepresentation or fraud claims were intended by the contracting parties to be a part of the indemnity risk undertaken by Powerscreen. Section 8.05 of the Asset Purchase Agreement provides in part:

[Powerscreen] shall indemnify and hold [JLG] harmless from and against, and shall pay

to [JLG] the full amount of, any loss, claim, damage, liability or expense (including reasonable attorneys' fees) resulting to [JLG], either directly or indirectly, from . . . (c) any Assumed Liability; and (d) **any product liability claim** resulting from incidents or injuries occurring following the Closing.

Id. §8.05 (emphasis added). Assumed Liabilities are defined in the Agreement in

Schedule 1.01(f), ¶ 6:

Liability for all claims, demands, expenses and actions in law or in equity at any time made or brought by anyone or any entity for any damages of any nature or injuries of any kind arising from accidents or incidents arising after the Closing Date and relating to the design, manufacture, assembly, sale, distribution or service . . ..

JLG argues that the negligent misrepresentation claim is covered by the above provision because the misrepresentation claim relates to the "service" of a JLG boom truck crane. JLG argues that BES's negligent misrepresentation claim alleges that in the course of servicing the boom truck crane, JLG negligently misconstrued the cause of the malfunction and misrepresented the crane's fitness for use. JLG then states that although the Delaware "clear and unequivocal" rule may prohibit it from obtaining indemnity for the consequences of any actual negligence committed by JLG, this rule does not prevent indemnity for the costs of defending a non-meritorious *allegation* of negligence. The Court does not agree and finds no language in the Asset Purchase Agreement which would support such an interpretation. JLG also argues that it is entitled to seek indemnity for the costs of defending against BES's claim of intentional misrepresentation. JLG argues that public policy concerns would only come into play if it had actually committed an intentional misrepresentation, and that this does not bar indemnity for the costs of defending against a mere allegation of intentional misrepresentation. JLG states that as reflected in the language of the indemnity agreement, JLG bargained for the right to recover the "expenses" and "reasonable

2

attorneys" fees' arising out of *covered* incidents and accidents. (Agreement § 8.05 & Schedule 1.01(f))(emphasis added).  JLG argues that it wold be deprived of the benefit of its bargain if a third party's meritless allegations of intentional misconduct were sufficient to void its contractual right to indemnification for these costs.  The Court however does not agree.  JLG overlooks a critical word - "covered."  JLG is not entitled to the costs of defending against these claims, because the Court has determined that the type of claims which BES is asserting - misrepresentation and negligent misrepresentation- are not covered by the indemnity language of the Agreement. Thus, regardless of whether the claims have merit, JLG is not entitled to indemnity for the cost of defending against claims which are not covered under the Agreement.


Date:  April 27, 2005          **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               United States District Judge

3