# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BUILDING ERECTION SERVICES, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| JLG INDUSTRIES, INC. | ) |
| Defendant/Third-Party Plaintiff | ) Case No. 02-6087-CV-SJ-FJG |
| vs. | ) |
| POWERSCREEN USC, INC. and POWERSCREEN INTERNATIONAL, | ) |
| Third-Party Defendants. | ) |

## ORDER

Currently pending before the Court is Powerscreen's Motion to Reconsider Order for Determination of JLG's Indemnity Claim for Attorneys' Fees and Expenses by the Court and Not a Jury (Doc. # 273), JLG's Motion for Extension of Time to File Jury Instructions Out of Time (Doc. # 284) and JLG's Motion for Extension of Time to File Voir Dire Out of Time (Doc. # 285).

On May 31, 2005, this Court granted JLG's Motion for determination of its reasonable attorney fees by the Court. Powerscreen has moved the Court to reconsider this determination because it believes that the Seventh Amendment to the Constitution guarantees it the right to have all of JLG's claimed money damages, determined by a jury and not by this Court. Powerscreen argues that JLG is seeking damages comprised of: (1) the reasonable attorney fees and expenses incurred by JLG

that are covered by the indemnity agreement and (2) that portion of the Heath settlement payment that is also covered by the indemnity agreement.  Powerscreen argues that there is no basis on which to segregate JLG's money damages for part determination by a jury and the remainder by the Court.  Powerscreen does acknowledge that there are some reported lower federal court decisions where attorney fees were determined by the trial court.  However, Powerscreen argues that these decisions involved post-judgment fee determinations under a state or federal statute.  The two cases which Powerscreen primarily relies upon are:  Chrysler Corp. v. Carey, 5 F.Supp.2d 1023 (E.D.1998), aff'd, 186 F.3d 1016 (8th Cir. 1999) and Well's Dairy, Inc. v. Travelers Indemnity Co. of Illinois, 266 F.Supp.2d 964 (N.D. Iowa 2003).  In Chrylser, the Court noted that assessment of damages is a function of the jury.  In that case, Chrysler was claiming as damages legal expenses it paid to another law firm to conduct an investigation and attorney fees and expenses incurred in defending collateral litigation.  However, the Court did not state that attorney fees could never be determined by the Court.  Additionally, that case did not involve an indemnity agreement.  In Well's Dairy, the Court stated, "under Iowa law, the question of what amount constitutes a reasonable attorney's fee is an issue of fact to be determined as any other issue of fact. . . . Thus, because Traveler's contests the reasonableness of the $540,545.97 Wells has purportedly incurred in defense costs in the underlying lawsuits, determination of the reasonableness of these costs must be made by a jury." Id. at 970.

  JLG argues that attorney fees are an equitable issue of accounting that is to be decided by the Court after a trial.  JLG cites to McGuire v. Russell Miller, Inc., 1 F.3d 1306 (2nd Cir. 1993), in which the Court stated:

2

> Following common practice, today we make law out of what was previously common sense: when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees; if the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees. For reasons discussed below, this rule would not apply to a contract for legal services between a client and a lawyer.
>
> . . .
>
> Rather, we hold that an action to recover attorneys' fees pursuant to a contract presents traditional common-law contract issues which should be submitted to a jury - and which were properly submitted to the jury in this case - but that the subsequent determination of the amount of attorneys' fees owed presents equitable issues of accounting which do not engage a Seventh Amendment right to a jury trial.

Id. at 1313 -1314. See also, U.S. Bancorp Oliver-Allen Technology Leasing, 2005 WL 1875459 (S.D.N.Y. Aug. 8, 2005)(same); The Scotts Company v. Central Garden & Pet Co., 256 F.Supp.2d 734 (S.D.Ohio 2003)("Attorneys fees and costs are matters traditionally reserved for court determination. In this Court's view, a contractual fee-shifting provision for reimbursement to a successful party does not change the equitable nature of the relief sought.").

In reply, Powerscreen argues that JLG did not challenge Powerscreen's assertion that the decision in Simler v. Conner 372 U.S. 221 (1963) "establishes that a claim to determine and assess reasonable attorneys fees must be jury-tried, if so demanded." However, in McGuire, the Court observed:

> In Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963), the Supreme Court held that "a suit to determine and adjudicate the amount of fees owing to a lawyer by a client under a contingent fee retainer contract [is] a traditionally legal action." Id., 372 U.S. at 223, 83 S.Ct. at 611. In that case, the client had admitted that he was obligated to pay his attorney a "reasonable" fee under a contingent fee retainer contract, but had sought a jury trial of the amount of his obligation. The attorney had claimed that a subsequent contract provided for a fee of 50 percent of the client's ultimate recovery, and disputed the jury trial requirement. The Court ruled that the dispute about the terms of the contingent fee retainer

3

> contract depended on traditional common-law contract issues that should have been submitted to a jury. . . . *It appears that since <u>Simler v. Conner</u>, the Supreme Court has not extended the right to a jury trial as to the amount of attorneys' fees beyond the limited context of a dispute about a contingent fee contract.* <u>Simler v. Conner</u> stands principally for a rule not at issue in this case - that federal law controls availability of a jury trial even when state law controls the substance of the case - and can be distinguished as saying only that the dispute about a contingency fee contract in that case was the type of breach of contract suit, by one party to a services contract against another for damages, which was traditionally an action at law and thus triable to a jury under the Seventh Amendment.

<u>Id</u>. at 1314 (emphasis added). Thus, <u>Simler</u> does not stand for the broad proposition that all claims to determine and assess attorney fees must be jury tried if so demanded. Rather, this case has been limited to cases involving disputes about contingent fee contracts.

The Court is not persuaded by the caselaw and arguments presented by Powerscreen. Rather, the Court finds that although the issue of whether JLG is entitled to recover attorney fees is a jury issue, the amount of those fees is an issue to be determined by this Court. Therefore, the Court hereby **DENIES** Powerscreen's Motion to Reconsider (Doc. # 273).

Also pending before the Court is JLG's Motion for Extension of Time to File Jury Instructions Out of Time (Doc. # 284) and JLG's Motion for Extension of Time to File Voir Dire Out of Time (Doc. # 285). For good cause shown, JLG will be allowed to file these documents out of time. JLG shall file its Jury Instructions and Proposed Voir Dire within five (5) day of the date of this Order.

Date: November 2, 2006        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                              United States District Judge

4