# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BUILDING ERECTION SERVICES, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| JLG INDUSTRIES, INC. | ) |
| Defendant/Third-Party Plaintiff | ) Case No. 02-6087-CV-SJ-FJG |
| vs. | ) |
| POWERSCREEN USC, INC. and POWERSCREEN INTERNATIONAL, | ) |
| Third-Party Defendants. | ) |

## ORDER

Currently pending before the Court is Powerscreen's Motion to Reconsider the Court's Order of November 6, 2006 (Doc. # 290).

Powerscreen states that there are two jury issues which the Court must consider and that the trial scheduled for November 13, 2006 should be continued so that the Court may rule on these issues. Powerscreen argues that the first issue relates to JLG's position that it is now entitled to recover attorney fees and expenses for prosecuting its third-party indemnity claim against Powerscreen. Powerscreen argues that this issue has not been decided by the Court. Powerscreen argues that it is not known whether this issue can be ruled as a matter of law or whether it raises a fact issue for the jury. If the issue cannot be determined on the face of the Asset Purchase

Agreement and there is an ambiguity in the Agreement with respect to whether JLG is entitled to recover its attorney fees for enforcing its indemnity claims, then there must be a jury trial on that issue.

JLG argues that its claim for fees incurred in prosecuting the indemnity action is not new. JLG cites numerous examples throughout the pleadings where it raised the issue that it is entitled to its attorney fees in prosecuting the indemnity action. JLG argues that whether it is entitled to recover any attorney fees in prosecuting its indemnity claim is a question of law that turns on the unambiguous language in the contract. JLG cites to Pike Creek Chiropractic Center v. Robinson, 637 A.2d 418, 423 (Del.Sup.Ct. 1994) and states that under Delaware law, the language of the contract requires Powerscreen to indemnity JLG not only for the costs of defending covered claims, but also for the costs of enforcing its right to indemnification against Powerscreen.

In Pike Creek, the indemnification clause stated:

(b) Indemnification - The Employee shall hold the Employer harmless and indemnify the Employer, its successors and assigns, against any liabilities and expenses, including attorney's fees which result from any acts and admissions of the Employee.

The Court in that case determined:

Because PCCC is contractually entitled to be held harmless, we likewise conclude it is entitled to its attorneys' fees incurred in enforcing the Indemnification Clause. The Indemnification Clause is very broad in scope and requires Robinson to hold harmless and indemnify PCCC against "any liabilities and expenses, including attorney's fees" resulting from Robinson's acts or omissions. We adopt the reasoning of the Alaska Supreme Court:
> The hold harmless clause required that the [indemnitor] shall save harmless the [indemnitee] from all suits, actions, or claims of any character brought on account of injuries or

2

> damages sustained by any person. The [indemnitee] is not
> held harmless if it must incur costs and attorney's fees in
> bringing suit to recover on the indemnity clause. The
> [indemnitor] on the other hand can avoid such costs and
> attorneys' fees by paying the amount due without the
> necessity of suit. . . . PCCC will not be held harmless from
> Robinson's acts or omissions unless it receives *all* legal
> expenses and attorneys' fees it has incurred, including those
> incurred in enforcing the Indemnification Clause.

Id. at 422-23 (internal citations omitted). Similarly, in Short v. Walker & LaBerge Properties of Delaware, Inc., Civ. A. No. 94C-10-012, 1995 WL 656864 (Del.Super. (Oct. 3, 1995), the court stated:

> It is my ruling that not only the expenses of defending against Short, but
> also those expenses related to the litigation in enforcing the
> indemnification agreement, should be awarded to Food Lion. Black's Law
> Dictionary 692 (5th ed. 1979) defines, in relevant part, "indemnify" as
> follows: "to restore the victim of a loss, in whole or in part, by payment,
> repair, or replacement. To save harmless . . . ." To restore Food Lion and
> hold it harmless requires that all the attorneys fees, both those in
> defending Mr. Short's action directly against it and in enforcing the Lease
> Agreement, should be awarded to Food Lion.

Id. at *2.

> Section 8.05 of the Agreement at issue states in part:
>
> Subject to the limitations set forth in Section 8.06, [Powerscreen] shall
> indemnify and hold [JLG] harmless from and against, and shall pay to
> [JLG] the full amount of, any loss, claim, damage, liability or expense
> ***(including reasonable attorneys' fees)*** resulting to [JLG] , either directly
> or indirectly, from any . . . (c) Assumed Liability; and (d) any product
> liability claim resulting from incidents or injuries occurring following the
> Closing.

As noted previously, the Court has already determined that JLG would be entitled to its costs of defense. Based on the cases cited above, the Court finds that the indemnification provision at issue also provides for JLG's attorney fees expending in enforcing the indemnification provision. Accordingly, as the Court has now determined

3

this issue, there is no reason for the jury to decide this question.

The second issue which Powerscreen states the Court has not and cannot determine is the factual allocation of JLG's claimed attorney defense hours between covered and non-covered claims. Powerscreen states that deciding what a reasonable amount to award JLG for the allowable attorney defense hours is a completely separate issue from the factual allocation issue of what attorney defense hours are covered and what attorney defense hours are not covered. Powerscreen states that this allocation issue is an entitlement question for the jury to decide.

JLG argues that the amount of attorney fees incurred on covered claims as opposed to non-covered claims is an equitable accounting exercise that is more properly performed by the Court. The Court agrees that the allocation of what fees may be recovered is intertwined with the question of the amount of attorney fees that should be awarded. The Court finds no reason to separate these determinations. Therefore, all questions regarding attorney fees will be addressed by the Court.

Accordingly, the Court hereby **DENIES** Powerscreen's Motion to Reconsider the Court's Order of November 6, 2006 and to Continue the Trial (Doc. # 290).


Date:  November 9, 2006  　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri 　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

4